Good morning, Your Honors, and may it please the Court, my name is Mark Ebert and I represent Mr. Francisco-Peguero. I'll keep my remarks brief and save most of my time for questions and rebuttal. Your Honors, Mr. Francisco-Peguero met all the criteria for the acceptance of responsibility of reduction. He admitted his guilt long before trial, both immediately after being arrested and again while in custody. He expressed contrition to the probation officer before sentencing and to the court at sentencing, and the government, the probation officer, and defense counsel all agreed that he should get that reduction. The trial court gave only one reason for denying it, that's at page 13 of the excerpts of record, that Mr. Francisco-Peguero did not accept responsibility because he, quote, He was referring to the fact that Mr. Francisco-Peguero went to trial. That statement is erroneous as a matter of law under this Court's then-recent decisions in Ochoa-Gayton and Cortez. And under this Court's decision in Cortez, you reviewed de novo whether the district court misapprehended the law regarding that acceptance reduction. As to the trial which the government raises, it's nearly identical to the trial in Ochoa-Gayton, in that Mr. Francisco-Peguero's attorney didn't present any affirmative defense, didn't offer any witnesses, didn't present any evidence. It lasted less than a day, and the only argument was the burden of proof and reasonable doubt, based on the fact that the evidence was all hearsay, paper hearsay. Ochoa-Gayton says at footnote 5 that that does not or should not lead to denying the acceptance of responsibility adjustment. This is a case where the trial court stated only one reason for its decision, and that reason expressly punished Mr. Francisco-Peguero for exercising his constitutional right to go to trial. The remedy that we ask for is simply to remand the case to be resentenced with that two-point reduction for acceptance of responsibility. The second issue that's been raised, is that harmless error? Recognizing that it's error, would that be harmful? No, because I think that the entire analysis would start from a lower level in terms of the sentence. In other words, he'd start from a two-point lower reduction, lower sentence, which at his level of criminal history, it makes a fairly significant difference. I can get the sentencing chart if you want to know the exact number. I've seen the sentencing chart. I'm just wondering, you know, do we guess whether or not, I mean, given the judge's analysis of the Section 3553A factors, do you, and I guess we would be speculating as to whether or not she would depart downward from the other level? Well, once again, yes, I suppose that would be speculation on this Court's part. But once again, the judge only gave one reason. And once again, that 3553 analysis comes after and is in response to the guideline level. So if you start out two levels lower, you'll probably end up lower. Is it really in response to the guideline level? I mean, not to get into the details of sentencing policy, but there's a difference between departures and variances. Departures are called basically guideline sentences. They use the base level, and then they depart. Courts will depart a certain number of levels based upon that departure. That's a guideline sentence. A variance is a non-guideline sentence. Essentially, what the court does is consider all of the factors, only one of which is the guideline range. And you don't start from a particular guideline range and depart a number of levels. You determine what is the appropriate sentence, what is sufficient but not greater than necessary to accomplish the purposes in sentencing, and impose that sentence regardless, essentially, of what the guideline level is. So if that's the case, if this is, in fact, a non-guideline sentence, which is exactly what she did, she went from 100 to 125 months down to 70. And even if you got the two-level reduction, you're only going down to a range which starts at 84 to 105. And isn't the logical response, then, from her perspective, well, that may be 84, but the fact is, I consider all of the factors under 3553A, including the guideline range, and I think 70 months is the appropriate sentence. So isn't that harmless error? I don't think you can look at it conceptually that way, but I think that the way it actually played out was that the judge first looked at whether we should vary from that guideline range based on the 3553 factors. Also, as Your Honor just pointed out, the 3553 factors include the guideline range, and I would, although I don't know that this was stated expressly by the judge, it would be hard to believe that if the judge felt that he hadn't accepted responsibility, that that wouldn't be a factor as well. I just think that as a practical matter, and in the order in which the judge actually decided this, and you can see in the excerpts of record, I think that where she starts out is going to affect where she's going to end up. The judge did not go down certain numbers of levels. She decided this is the appropriate sentence in light of the recommendations of the probation officer and the recommendations of both sides, as well as the guideline range, as well as all of the other factors under 3553A. This is the appropriate sentence. And so I'm hard-pressed to see how that is not, in fact, harmless error if you are correct in regard to acceptance of responsibility. Again, I understand the point that Your Honor is making, but again, the 3553 factors include the acceptance of responsibility. It includes the guideline range. It includes the recommendations of the parties, but in this case, the judge rejected the joint recommendation of probation, defense counsel, and the government, all of which said you should give them this reduction. So both the probation office also suggested the reduction. Well, in the PSR, what it says is I haven't been able to talk with defense counsel yet. But at sentencing, defense counsel said, and by the way, the judge and the prosecutor did not dispute that. So based on what I see in the record, I assume that probation did, in fact. But in the end, recommended it. Do you think there's any risk that she would impose a higher sentence? Actually, I think there's case law that would make it difficult to come back and impose a higher sentence. Because retaliatory. If the circuit says, no, you started out at too high a guideline. Right. I can't say that there's never any risk, but I think that would be difficult. Does the error in the one-point addition to the criminal history affect the criminal history category? The one-point alone, if you're talking about the recency issue, the one-point alone does not. But I would argue that the exact same analysis, although the guidelines didn't change, the exact same analysis would apply to the two-point bump for being on parole at the time you committed this offense, because that is also recency related. And if you look at all the reasons that the Sentencing Commission, among others, said we no longer think this guideline is appropriate, it doesn't have anything to do with recidivism, it doesn't double counts the prior convictions and all that. Since they're both recency related, I think that they would, the same argument would apply. Actually, sorry, but the Sentencing Commission determined that the recency for the commission of an offense had no relationship to recidivism. That's not the same as being on supervision or parole, because there's a direct linkage between that and the risk of recidivism. So there was no finding in that regard. The Sentencing Commission did not find that. I would argue that, because, again, being on parole, effectively he wasn't. He was apparently in Mexico during all that time. But being on parole is also related to how recently you got out of prison, right? I mean, parole doesn't last. Except it's the two points for supervision. Okay. Right. And I have only 30 seconds, unless there are more questions I'd like to save it for the public. Okay. Good morning, and may it please the Court. My name is Adam Braverman on behalf of the United States. Based on the Court's questioning this morning, I would like to focus the majority of my time on the district court's denial of the defendant's request for adjustment for acceptance of responsibility. Here, the district court denied the defendant's request for acceptance of responsibility, finding specifically that the defendant did not meet his burden of establishing this adjustment. And as this Court is aware, the district court's decision is entitled to great deference, because the sentencing judge is in a unique position to evaluate acceptance of responsibility. Now, as the defendant's attorney points out and relies upon Achille Gaitan, Achille Gaitan makes it clear that just because a defendant goes to trial does not make him categorically ineligible for acceptance of responsibility. But this Court in Wayland has stated that under such circumstances, an adjustment should be rare. And the reason why it should be rare is because this Court in Achille Gaitan stated that by going to trial, the defendant deprives himself of significant evidence of contrition. Counsel, didn't the government take the position that the defendant should have been given the two-point reduction for acceptance? Yes, Your Honor. The government recommended a minus two for acceptance of responsibility based on the fact that the defendant did not testify at trial, based on the fact that the defendant did not put on any affirmative evidence. And also, at the time, the government found noteworthy that the defendant apologized to the probation officer during his pre-sentence report and discussed how sorry he was for coming back to the United States. That being said, looking at the district court's decision to deny the adjustment, I don't believe that this Court can say that it was clearly erroneous because the district court considered much more than that. Aren't you changing your position? No, Your Honor. I don't believe I am. I mean, the government is changing its position. Your Honor, I don't believe the government is changing its position because the district court considered much more. And I'd like to focus this Court on what happened at the time of sentencing. And at the time of sentencing, the ---- But don't we evaluate the acceptance of responsibility based on what happened at the trial? I think that the court evaluates the entire record. In this case, because the defendant went to trial, he deprives himself of significant evidence of contrition. So the court, the district court is required to look at the entire record. But the point is not whether or not we should reexamine acceptance of responsibility. It's whether the trial judge understood that she had the right to essentially give, award acceptance of responsibility even though the defendant went to trial. And there seems to be very little in the record from what she said, which indicates that she, in fact, knew she had that discretion. Unless you can point to something that she said in which she thought, gee, I can actually award acceptance of responsibility, but I choose not to do so. This record seems to be devoid of that. The court makes a very good point. In this case, the district court said, noting first that the defendant went to trial and therefore did not accept responsibility for going to trial. But in the next sentence, the court said that the defendant did not meet his burden of establishing acceptance of responsibility. And the court stated that after the defendant's attorney stood before the court and said that the reason why the defendant went to trial was because this was an aggravated case of sticker shock. During the defendant's allocution, he began by apologizing. What does that mean? I read that. What does that mean? Aggravated case of sticker shock. Your Honor, I would. But you kind of got a little bit more time than you thought. That's how I would interpret it. Right. Okay. It was a significant sentence that the defendant was facing. In addition, during the defendant's allocution. So that's why he didn't. That explains why he didn't plea. If he had had more time, do you think he would have. I mean, I guess that's speculation, too. But to live with that notion that he was going to get a much greater sentence than he thought. I mean, was this a plea agreement offered under the fast track? Is that what's going on? Yes, Your Honor. When the case first came in, the fast track disposition was offered. The defendant rejected it. The defendant was in a very high criminal history category, criminal history category of six, was facing a guideline range 100 to 125 months. The most amount of time that he had spent before was two years in custody for state violations. And with all due respect, that is one of the problems with the 16-level enhancement, isn't it? But I thought that you didn't offer fast tracks, generally speaking, in cases in which there's a 16-level increase. Is that not correct? No, we routinely offer fast track dispositions for aggravated felony plus 16 convictions. Mm-hmm. The United States believes that this case is very similar to United States v. Arzar de Miranda, which is a case that was decided by this court a year ago involving the same district court judge, Judge Sobral. And in that case, a very similar situation where the defendant went to trial, did not testify, did not put on any evidence, affirmative evidence, but attacked the credibility of the government witnesses and the documentary evidence. The district court there, Judge Sobral, in the face of an argument for adjustment for acceptance responsibility, denied the acceptance, finding that the defendant did not meet his burden, and this court affirmed that decision. I think it's important, what the court has pointed out this morning, that the court denied the acceptance of responsibility adjustment and then evaluated the defendant's sentence under 3553. The court spent a significant amount of time talking about the nature and characteristics of the crime, the history and characteristics of the defendant, and the mitigating factors that in the court's mind supported a variance downward of 30 months. So even with an acceptance of responsibility adjustment under the guidelines, the defendant was looking at an 84-month recommendation, which is what the government recommended. The court varied even further and gave the defendant a 70-month sentence, recognizing under 3553 that that was an appropriate sentence based on all the considerations. When you use the expression of variance of 30 months, you're agreeing with the defendant in this case that you're beginning the sentence at 100 months and then the variance is worth 30. And my understanding of variance is it is 70 months. The sentence is 70 months is what she decided. And the level or the amount of variance is unimportant. Is that not right? I think the court is definitely correct. The district court begins with the guideline calculations, and it did that in this case. Considering under 3553 all the factors, it gave the 70 months. See, the problem I have with that answer is that the guidelines, the advisory guidelines, is part of the 3553A analysis. So whatever range she comes up with in her guidelines, whether it is theoretically correct or not, the district court judges seem to be viewing it as they have this range and then they're going to go down from that range. And whether you call it a variance or a departure, I know the nomenclature is different for each type of going down, but are reducing from the range. But that's still what the judges are doing as a practical matter. I understand the court's concern. I think in this case the court spent a significant amount of time at sentencing focusing on the 3553 factors. Well, we have the sentencing's transcript. And I mean, I think the main factor that, you know, a fear that she considered that she could give the two-level reduction for acceptance, she focused mostly on the criminal history, the seriousness of the criminal history. That is correct. The court did note that the seriousness of the criminal history cannot be overemphasized. In this case, the defendant had two prior drug trafficking convictions, 10 years before the instant offense. Between the time of those convictions and the instant offense, he also had a DUI. And then most recently he was found, while he was on parole, in possession of a firearm and also as a prohibited person in possession of ammunition. So the court did note under 3553 that the seriousness of this criminal history could not be overemphasized. Then went on to focus on history characteristics and then talk about all the mitigating factors that supported a 70-month sentence. Seeing my time is up, the United States submits. Thank you. Your Honors, with my 32 seconds, I will be very quick. First of all, the standard review is not clearly erroneous. It would have been if the judge had based her decision on factual issues. But what she said, the only thing she said was that you stood on your constitutional rights and went to trial. So that, under this Court's authority, is a legal question. Next, Judge Wardlaw says we evaluate acceptance based on what happened at trial. Well, actually, I believe that there's a case that I cited in my brief, which says that you evaluated primarily by what happened before trial. Meaning, did he confess to the agents? He did when he was arrested. Did he confess later on when he was in custody? He did. And everything that happened after trial, of course, was consistent with that. Next, we really are left to speculate, and I am too, as to why he went to trial. It could have been, you know, what the prosecutor said, but the only thing that I think we know for sure is that by going to trial, he preserved his right to appeal. And that is certainly not something that should be held against him, the fact that he wanted to have this chance with this Court.  Thank you, Your Honor. Thank you very much. U.S. v. Francisco Peguero is submitted and will take up United States v. Dehaney.
judges: Sessions, Goodwin, Wardlaw